STATE, EX REL. JACOB L. HERSHISER, APPELLEE, V. HOLT COUNTY ET AL., APPELLANTS.

FILED JUNE 13, 1911.   No. 16,449.

1. Judgment: ASSIGNMENT: RIGHTS OF ASSIGNEE. The assignee of a judgment takes it subject to all equities and rights which the judgment debtor had against the judgment creditor before the assignment.

2. Counties: JUDGMENT: ASSIGNMENT: SET-OFF. Where a claim against a county was presented to the county board and rejected, and from which an appeal was taken to the district court, where plaintiff prevailed, it is within the power of the board, upon the presentation of the judgment as a claim for allowance and the issuance of a warrant, to deduct from the amount due any delinquent personal taxes due from the claimant, and that right cannot be destroyed or taken away by the assignment of the judgment.

3. ——: ——: SET-OFF. Section 4468, Ann. St. 1909, authorizing county boards to plead unpaid delinquent taxes as an offset in a suit against a county, is permissive and does not deprive the board from deducting the amount of the taxes due from a judgment rendered in the district court on a claim rejected by them when filed in the first instance.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed and dismissed.*

*Edward H. Whelan,* for appellants.

*R. R. Dickson,* contra.

REESE, C. J.

For the years 1901 and 1902 the personal property taxes levied against M. A. McCafferty amounted to $226.69.

Prior to the 1st day of August, 1904, the said M. A. Mc-Cafferty filed her claim against the county of Holt with the county board for damages resulting from the establishment of a county road over and across her real estate in said county. The claim was disallowed, when she appealed to the district court, filing her appeal on the day named. Such proceedings were had in that court as resulted in a judgment in her favor against the county for the sum of $200, which, with interest and costs, on or about the 13th day of March, 1908, amounted to $13.90 more than the taxes, interest and costs standing against her. On the 11th day of February, 1908, she, for a valuable consideration, transferred the judgment to the relator in this case. He applied to the county board for the issuance to him of a warrant on the county treasurer for the amount due upon the judgment, when the board deducted the amount owing for taxes and issued and tendered a county warrant for the $13.90, the difference, and paid the taxes. Relator, whom we will designate as plaintiff, brought his suit in the district court for a mandamus against the officers of the county to compel the issuance of a warrant for the whole amount due upon the face of the judgment, without offsetting the taxes. Upon a trial to that court a peremptory writ of mandamus was awarded. The county appeals.

It is agreed by both parties to the suit that the only question involved and requiring a decision is whether or not the county had the legal right to apply the unpaid personal taxes of 1901 and 1902 as in satisfaction of the judgment to the extent of the amount due, after the transfer of the judgment to plaintiff. In other words, whether the judgment so far partakes of the quality of negotiability as to permit its transfer so as to cut off the right of the county to deduct the taxes due and unpaid. There is no doubt that a judgment, as any chose in action, is assignable. There is no doubt that the assignee of a judgment obtains no higher or greater right than his assignor had. In 2 Freeman, Judgments (4th ed.) sec. 427, it is said:

"The assignee of a judgment receives the same subject to all existing equities between the parties thereto; and it is immaterial whether he had notice of these equities or not. The assignee, by virtue of the assignment, occupies no better position than the judgment creditor would have occupied, in the absence of any assignment. Hence, he cannot deprive the debtor of the benefit of payments made before receiving notice of the assignment, and of the existence of which the assignee was ignorant. The power of the court to set off one judgment against another is not terminated by an assignment. A purchaser and assignee of a judgment, even for a valuable consideration, and without notice, takes subject to a right of set-off existing at the time of the assignment; for an assignee takes subject to all equitable as well as legal defenses which can be urged against the assignor," etc. A number of cases are cited by the author in support of each proposition. True, cases can be found holding the other way, some of which are cited in the same section of Freeman; but it is believed that they depend upon special features which are not found in this case. See, also, 17 Am. & Eng. Ency. Law (2d ed.) 883; 23 Cyc. 1422.

Mrs. M. A. McCafferty, plaintiff's assignor, had formerly been engaged in the mercantile business in O'Neill, at which time the unpaid taxes were duly levied for the years above referred to. The law (Comp. St. 1909, ch. 18, art. I, sec. 48; Ann. St. 1909, sec. 4466) gives the county board authority to deduct delinquent personal taxes from the amount found due upon the claim. The assignee was conclusively presumed to know the law. The tax records of the county showed the amount of delinquent taxes due. The records were open to his inspection. Had no assignment been made, the deduction could have been made as against the assignor, none the less as against the assignee. By statute (Ann. St. 1909, sec. 10914) unpaid personal taxes are a lien upon the personal property of the tax debtor; and that lien was in full force at the time of the assignment, unless it had been waived by the board in not

setting up and offsetting the taxes in the suit in which the judgment was rendered. Section 4468, Ann. St. 1909, provides: "In any suit against a county, any delinquent personalty taxes assessed against the person in whose favor the cause of action accrued may be set off against any amount claimed in such action." The contention of the county attorney is that the provision of this section can apply only to suits on such claims and demands as may be instituted in the first instance in the district court, without first filing the claim with the county board and taking its judgment thereon, and from which appeals may be taken. Without deciding this point, we deem it sufficient to say that at most this section is merely permissive, and the remedy given is cumulative. The board may deduct the taxes from a claim allowed, or it may plead them as an offset. In the case of the claim out of which the judgment arose, the action of the board was to reject the claim. The members thereof evidently did not believe the claimant had any just claim against the county, else it would have allowed it in whole or in part. In that event they (presumably) would have deducted the taxes. It would have been an anomalous proceeding for them to deny any indebtedness and at the same time present an offset against that which they said and claimed the county did not owe. After judgment the claim would have to be presented for payment and the issuance of the warrant therefor. At that time, and before issuing the warrant, they could deduct the taxes and issue the warrant for the balance due. This seems to have been the course pursued. The orderly time for the deduction of the taxes would be when the claim based on the judgment was presented for allowance and the granting of the warrant for its payment.

The judgment of the district court is reversed, and the case is dismissed.

REVERSED AND DISMISSED.