STATE, EX REL. O. G. LEIDIGH, APPELLANT, V. CHARLES JOHNSON, COUNTY TREASURER, APPELLEE.

FILED JANUARY 16, 1913.   No. 17,740.

1. **Counties: CLAIMS: DEDUCTION OF PERSONAL TAXES.** The provisions of section 4466, Ann. St. 1911, confers upon the county board the

authority to deduct delinquent personal taxes from claims allowed against the county, and "issue a warrant for the balance remaining." The law requires the deduction to be made by the board, and it has no authority to delegate that duty to another.

2. ———: ———: ———.. In the settlement and allowance of claims against a county, the board acts judicially, and this includes the matter of the deduction of delinquent personal taxes from the amount found due upon the claim and rendering judgment for the "balance remaining."

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*W. B. Comstock, Paul S. Topping* and *O. G. Leidigh,* for appellant.

*W. F. Moran, contra.*

REESE, C. J.

This is an application for a writ of mandamus to the county treasurer of Otoe county to compel him to pay a warrant for the sum of $6, issued in relator's favor upon the treasury of the county. The transcript does not show the allowance of an alternative writ, nor that one was served upon the defendant, nor is there a copy of any writ included in the transcript. There appears a memorandum by some one, whether by the clerk or judge does not appear. It is as follows: "Issuance of writ. February 5, 1912, alternative writ issued, directing respondent to comply with the writ, or show cause why he refuses by 2 o'clock P. M. on the 12th day of February, 1912." This may be a correct history of what was done, but it is certainly no proper part of the court record, nor of a transcript. There being nothing in the record to show that a writ was served upon respondent, we may assume that the service was waived.

On the 10th of February, 1912, the respondent filed a a general demurrer "to the affidavit and petition," the grounds thereof being "that said petition and affidavit

does not state a cause of action of the relator and against the respondent." In the absence of a served alternative writ, the demurrer or answer to the petition is proper practice (*State v. Chicago, St. P., M. & O. R. Co.*, 19 Neb. 476), and the contention of respondent that the writ takes the place of and is substituted for the petition, and no writ being shown in the transcript must defeat the appeal, has no merit. He did not demur to the writ. The demurrer was to the petition.

It is alleged in the petition, among other things, that the respondent is the county treasurer of Otoe county, and his duties as to the payment of warrants are set out; that relator is the owner of a certain warrant issued by order of the county commissioners of said county for the sum of $6, payable to his order out of the general fund; that he presented the order to respondent for payment and demanded payment, but that defendant stamped upon the margin or face thereof the words, "This warrant issued subject to payment of personal taxes," and refused to pay the same; that at said time there were ample unappropriated funds in the general fund to pay the warrant; that no order had been made by the board of county commissioners deducting any delinquent taxes due and owing from relator, and it was the duty of respondent to pay the warrant. A writ of mandamus compelling payment is prayed for. The affidavit accompanying the petition is substantially in the same form, and need not be noticed. As we have shown above, when dealing with another phase of this case, respondent demurred to the petition. The demurrer was sustained, and the proceeding dismissed. Relator appeals.

It is said in the argument and brief of respondent that the county commissioners had previously "made a blanket order directing that said words be incorporated in all warrants delivered to persons owing the county personal taxes, and that the county treasurer deduct from the amount of said warrant the personal taxes owed by the party to whom said warrant was issued." But there is

nothing of the kind shown in the transcript, and that subject cannot be considered. This court cannot take judicial notice of any such fact, and, if it were thought of sufficient importance to merit consideration, it should have been presented in an answer. All averments of the petition well pleaded are admitted by the demurrer. Therefore it is admitted that no action was taken by the commissioners directing, nor ordering deducted, any personal tax, and that the words stamped on the warrant were placed there by respondent without orders or authority so to do. There is no averment that relator owed no personal taxes. If the law is that the action of the county treasurer was void, and that, in the absence of any action by the commissioners directing the deduction, it was the duty of the respondent to pay the warrant without reference to whether the payee owed personal taxes or not, the averment would not be necessary; otherwise it would be.

The statute upon this subject is found in Ann. St. 1911, sec. 4466 *et seq.* In that section it is provided: "The county board of any county, whenever the account or claim of any person against the county is presented to them for allowance, may, in their discretion, procure from the county treasurer a certificate of the amount of delinquent personal taxes assessed against the person in whose favor the account or claim is presented, and may deduct from any amount found due upon such account or claim the amount of such tax, and issue a warrant for the balance remaining." If this section is mandatory and provides the only procedure by which the delinquent personal taxes can be deducted from an allowed claim, it is pretty clear that the demurrer was not well taken, and should have been overruled. The statute was intended as an aid to the collection of delinquent personal taxes. The section under consideration presents an easy and convenient method of collection where the county is indebted to a delinquent. A strict construction should not be indulged in when the requirements of the law are sub-

stantially followed, but some attention should be given
to its provisions. The warrant does not appear to have
been issued for "the balance remaining" after deducting
taxes, but for the whole amount of the claim, which was
in clear violation of the duty of the board, if it was the
intention to deduct the taxes. While we are of opinion
it is not necessary to call upon the county treasurer for
the statement of delinquent personal taxes in each par-
ticular case, yet it is necessary that the evidence of such
delinquency be furnished the board by him, and that they
make the deduction. We find no provision imposing that
duty upon the treasurer. In the allowance of the claim
the board acts judicially. *State v. Buffalo County,* 6 Neb.
454. It follows that the judicial quality of the act ex-
tends to the deductions for taxes to be made by them.
The deduction is to be made before the warrant is issued,
and it shall be only for the balance due the claimant.
Nothing of the kind was done, so far as is shown by the
record. The matter of making the deduction is left to
the discretion of the board. So far as appears, they de-
clined to exercise the power given, allowed the claim, and
issued the warrant for the whole amount thereof. If the
county, or respondent, has any defense, it should be set
up by way of answer.

The judgment of the district court is reversed and the
cause is remanded for further proceedings.

REVERSED.

SEDGWICK, J., dissenting.

1. I do not agree that the law is correctly stated in
the syllabus. The board acted in a *quasi*-judicial ca-
pacity in considering and determining the amount of the
plaintiff's claim against the county. The plaintiff's per-
sonal taxes, if any, needed no judicial determination. The
statute appears to contemplate that the taxes will be
deducted by the board from the amount of the claim as
adjudicated by them. But it seems to be unnecessarily

technical to hold that the act of subtracting the taxes, as shown by the records, from the claim as allowed must be performed by the board itself and cannot be performed by any other person. To deduct the taxes, as shown by the records, from the adjudicated claim of plaintiff is not necessarily a judicial act. This question is not presented by this demurrer, and both paragraphs of the syllabus announce the same dictum.

2. The case was decided upon a demurrer to the petition for the writ. The petition alleges that the "relator owns a certain warrant that was legally issued and drawn upon accounts presented to, audited, and allowed by the board of commissioners of said county;" that the warrant was presented to the respondent, county treasurer, and that the county treasurer placed thereon without authority of law the words, "This warrant issued subject to payment of personal taxes." The demurrer to this petition was sustained, and this presents the question to be determined. When a warrant is legally issued upon an allowance of a claim by the county board, and the holder of the warrant takes it to the treasurer for payment, can the treasurer, without any authority from the county board, stamp on the warrant the words quoted above, and then pay only a part of the warrant after deducting the personal taxes? The opinion says that no one but the county board can make this deduction. If that is so, that ends the case. The warrant should have been paid when presented to the treasurer and there is no occasion for sending the case back for another trial.

3. The brief of the appellee urges that this case ought to be affirmed for two reasons: First. The warrant on which the action is based is not signed by the clerk. It is signed by the chairman of the county board of county commissioners and by the deputy clerk. Nothing is said upon this point in the opinion. Second. The main point presented in the brief of the appellee is that the method presented by the statute which authorizes the county board to deduct the personal taxes and allow a warrant for the

balance is not exclusive. He says in the brief that the method "is not mandatory; it is only directory, and any other method that accomplishes the same end will satisfy the statute." This is the real controversy between the parties, but it is not presented by this record.

4. The questions whether the county board could make a blanket order as recited in the majority opinion, and whether any other method is provided for deducting taxes from claims allowed than the method stated in the statute directing county boards to do it—these questions are not presented in this record. There is nothing in the petition demurred to that indicates anything, except that the treasurer wilfully, "without authority of law," stamped on the warrant that it was subject to personal taxes. There is nothing in the record to show that there were any personal taxes due, and there is nothing in the record to show or indicate that the county board has taken any action whatever, or that there is or could be any defense.

5. The amount of this claim is $6. They have had a trial in the district court and have appealed to this court. The parties are represented by strong lawyers. They have presented a technical case here and ask for a technical decision. To order another trial in an action like this, when both parties are so fiercely standing upon the record they have made, and so continue this $6 lawsuit, is not treating the taxpayers fairly. The parties want the law declared upon the record they have made; they are entitled to so much even in a $6 case, but that is all they are entitled to.

The judgment should be reversed and the trial court directed to allow the writ as prayed.