STATE OF NEBRASKA EX REL. M. O. BATES, APPELLANT, v. J. W. MORGAN ET AL., APPELLEES.

47 N. W. 2d 512

Filed April 19, 1951.    No. 32968.

*M. O. Bates,* for appellant.

*John M. Neff* and *Hugh Stuart,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Relator, county judge, brought this mandamus action seeking to require respondents to issue and deliver to him a warrant for the sum of $39.23, the amount set

off and deducted by the county board from his April 1950 salary claim in payment of his delinquent personal taxes. An alternative writ issued and respondents answered, whereupon the cause was tried on its merits and a judgment was entered, finding and adjudging the issues generally for the respondents, denying the writ, and dismissing the action with costs taxed to relator. Upon the overruling of relator's motion for new trial, contending that the judgment was not sustained by the evidence but contrary thereto and contrary to law, he appealed, assigning like reasons for reversal. We conclude that the assignments have no merit.

The facts are stipulated. On April 29, 1950, relator filed a duly verified claim for his salary as county judge of Dawson County. The amount of such claim was $300, from which there was concededly deductible $19.90 as withholding tax, leaving a balance due relator of $280.10. On May 1, 1950, the claim was duly allowed in full. On that date, relator by his own stipulation "did owe the County of Dawson delinquent personal taxes in the amount of $39.23." Therefore, on May 1, 1950, a warrant payable to relator was issued and delivered to him for the amount of $240.87, which warrant he cashed in the office of the county treasurer on May 2, 1950. On the face of such warrant appeared the prior deduction of "1948 Tax $39.23 Tax $19.90." Also on May 1, 1950, a warrant payable to the county sheriff was issued and delivered to the sheriff for the amount of $39.23, bearing the notation upon its face "for the 1948 tax of M. O. Bates, Lexington, Nebr." Concededly, such warrant was in payment and satisfaction of relator's delinquent personal taxes as a set-off deducted from relator's salary claim theretofore allowed. Thereafter, the sheriff paid such taxes to the county treasurer, who, on June 2, 1950, mailed a receipt therefor to relator verifying payment thereof by him. Such receipt included a distress fee. On June 28, 1950, relator filed this action.

Relator's primary contention was that the action of the county board in the allowance of his claim for salary fixed by statute was a ministerial as distinguished from a quasi-judicial act, and as such was not a claim ex contractu requiring audit and allowance as provided by section 23-135, R. S. 1943, which also provided a remedy by appeal to the district court, and that sections 23-143 and 23-144, R. S. 1943, being simply provisions exclusively relating to and regulating the exercise of section 23-135, R. S. 1943, had no application to his salary claim. Upon that premise, he contended that his remedy was mandamus and that his delinquent personal taxes could not be set off and deducted from his claim for salary. We conclude that the contention has no merit.

It is conceded that the allowance of relator's claim for statutory salary was ministerial. In that connection, we are not required to discuss or decide whether or not the action of the county board in setting off and deducting relator's delinquent personal taxes was quasi-judicial in character and appealable to the district court, thus providing relator with an adequate remedy at law, thereby making mandamus unavailable, as indicated in State ex rel. Ensey v. Churchill, 37 Neb. 702, 56 N. W. 484, reaffirmed in State ex rel. Garton v. Fulton, 118 Neb. 400, 225 N. W. 28.

Rather, we decide the case upon its merits as a mandamus action, bearing in mind that sections 23-143 and 23-144, R. S. 1943, are mandatory provisions, intended as a summary aid in the collection of delinquent personal taxes in all cases where the county is indebted to a delinquent. It will be noted that relator's claim was not disallowed, either in whole or in part. Rather, it was allowed in toto, and subsequently in substantial conformity with the afore-cited sections, relator's admittedly delinquent personal taxes were then set off and deducted therefrom before his warrant was issued. State ex rel. Leidigh v. Johnson, 92 Neb. 736, 139 N. W.

669; State ex rel. Hershiser v. Holt County, 89 Neb. 445, 131 N. W. 960.

In his brief, relator argued that respondents had failed to show that they first "procured from the county treasurer a certificate of the amount of delinquent personal taxes assessed against relator." In that connection, we find no mention of such contention in relator's petition or elsewhere in the record. Under such circumstances, we cannot take judicial notice of or consider any such contention. See State ex rel. Leidigh v. Johnson, *supra,* wherein a similar contention was held to have no merit. Therein it was concluded that a strict construction should not be indulged in when the requirements of law had been substantially followed. It is sufficient here to say that the county board in some manner, we may assume by virtue of distress, as indicated by the receipt mailed to relator by the county treasurer, became officially apprised of relator's admittedly delinquent taxes, and that they were paid to the county treasurer with the amount set off and deducted from relator's claim, who receipted therefor to relator as provided by statute. Certainly on May 1, 1950, when relator received his warrant, he had ample notice of such set-off and deduction, and the reason therefor. Relator's contention should not be sustained.

In the light of the foregoing situation, we have examined the applicable statutes. Section 23-106, R. S. 1943, provides: "The county board shall manage the county funds and county business except as otherwise specifically provided." Section 23-109, R. S. 1943, provides: "The county board shall have power to examine and settle all accounts against the county, and accounts concerning receipts and expenditures of the county." Section 23-143, R. S. 1943, provides: "The county board of any county, whenever the account or claim of any person, firm or corporation against the county is presented to them for allowance, *shall* procure from the county treasurer a certificate of the amount of delinquent per-

sonal taxes assessed against the person, firm or corporation in whose favor the account or claim is presented, and *shall* deduct from any amount found due upon such account or claim the amount of such tax, and shall forthwith issue a warrant for the balance remaining, if any." (Italics supplied.) Section 23-144, R. S. 1943, provides: "For any such delinquent personal taxes so set off and deducted from any such account or claim, the board shall issue an order to the county treasurer directing him to draw from the same fund out of which said account or claim should have been paid the amount of said delinquent taxes so set off or deducted, and apply the same upon said delinquent personal taxes in satisfaction thereof; and the said treasurer shall, upon application, receipt therefor to the person whose taxes are so satisfied."

Section 26-127, Comp. St. 1929, now section 23-143, R. S. 1943, was originally permissive or discretionary. However, that section was amended by Laws of Nebraska, 1933, c. 126, p. 501, entitled: "AN ACT to amend Section 26-127, Compiled Statutes of Nebraska, 1929, relating to revenue; to provide that delinquent personal taxes shall be set off and deducted from any account or claim presented to the governing bodies of counties, cities, villages, school districts or other governmental subdivisions of the State of Nebraska; to repeal said original section; and to declare the provisions of this Act to be cumulative." In conformity therewith, the set-off and deduction of delinquent personal taxes from the account or claim of any person in the manner provided by such section was made mandatory by section 1 of said 1933 act. Likewise, by section 2 thereof, now section 77-1771, R. R. S. 1943, which includes the mandate of section 23-144, R. S. 1943, such mandate was extended to include the set-off and deduction of delinquent personal taxes from the account or claim of any person presented for allowance, not only by county boards but also by "any city, village, school district, or other governmental

subdivision of the state." In addition, section 4 thereof, now preserved by section 49-613, R. S. 1943, specifically provided: "The several provisions of this Act shall *be deemed cumulative* and the authority herein granted to county boards, and to the governing authorities of cities, villages, school districts or other governmental subdivisions of the state *shall not be limited or made inoperative by any existing statute."* (Italics supplied.) Thus it appears without question that sections 23-143 and 23-144, R. S. 1943, were clearly not only intended to impose a mandatory duty but also to have application to any account or claim presented to the county board for allowance.

Viewed in that light, relator's action, in order to prevail, would require the county board not to observe and perform their statutory duty, but to disobey it. Mandamus will not lie for such a purpose.

Section 25-2156, R. R. S. 1943, insofar as important here, provides: "The writ of mandamus may be issued to any inferior tribunal * * * board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station."

This court has held that mandamus may issue against a public officer to compel him to act, when: (1) The duty is one imposed upon him by law; (2) the duty still exists at the time the writ is applied for; and (3) the duty to act is clear. State ex rel. Cashman v. Carmean, 138 Neb. 819, 295 N. W. 801. This court has also held that a peremptory writ of mandamus should be issued only where the legal right to it is clearly shown. State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862.

The general rule is that mandamus is not a preventive remedy but essentially a coercive writ, one that commands performance of a duty and not desistance therefrom. 34 Am. Jur., Mandamus, § 2, p. 809, § 8, p. 813.

It is also generally the rule that mandamus should be denied where it appears that the acts sought to be coerced

are unauthorized or forbidden by law, or where they tend to aid or promote an unlawful purpose, and such a writ will not issue when the act commanded would result in violation of a statute. 55 C. J. S., Mandamus, § 10, p. 35; 38 C. J., Mandamus, § 29, p. 556.

Since to award relator a writ of mandamus as prayed would give the applicable statutes no force and effect, and in fact would enjoin performance of a mandatory duty imposed by statute upon respondents, it was properly denied.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.