STATE OF NEBRASKA, EX REL. WILL ENSEY, V. W. E. CHURCHILL ET AL., COUNTY COMMISSIONERS, ET AL.

FILED OCTOBER 3, 1893.   No. 5775.

1. County Boards: EXAMINATION OF CLAIMS: JUDICIAL ACTS: JUDGMENTS. The county board, in the examination of claims against the county, acts judicially, and its judgments or orders in such cases are conclusive unless reversed or set aside on appeal.

2. Judicial Acts: OFFICERS: MANDAMUS will not lie to compel officers exercising judicial functions to make a particular decision, or to set aside or vacate a decision already made.

ORIGINAL application for *mandamus.*

*Marquett, Deweese & Hall,* for relator.

*N. Z. Snell, contra.*

POST, J.

This is an original application for a writ of *mandamus* to compel the respondents, the county clerk and commissioners of Lancaster county, to issue and deliver to the relator a warrant upon the treasury of said county for the sum of $106, being the aggregate of amounts allowed in his favor by said county board for services as bailiff of the district court for the months of February, March, and April, 1892.  An answer has been filed in which the service of the relator as bailiff, and the allowance in his favor by the county board of the sum of $106, is admitted as charged. The refusal to deliver or issue a warrant therefor is justified, however, on the ground that a certificate of the county treasurer had been presented to the respondent from which it appears that there were delinquent personal taxes chargeable to the relator and appearing upon the tax lists for said county for the years 1878, 1879, 1880, 1886, 1887, and 1888, amounting in the aggregate to $78.66, which sum was by the county board deducted from the amount found in his favor.  It is further alleged that warrants amounting in the aggregate to $27.34, being the balance due him after deducting the amount of his aforesaid delinquent personal taxes, have been tendered to the relator.  The right to deduct delinquent taxes for the years 1887 and 1888, amounting to $3.86, seems to be conceded by the relator, but he denies the right to offset taxes assessed for previous years against his claim, on the ground that the right of recovery therefor is barred by the statute of limitations.

By sections 48 and 49, chapter 18, Compiled Statutes, entitled "Counties and County Officers," it is provided as follows :

"Sec. 48. The county board of any county, whenever the account or claim of any person against the county is

presented to them for allowance; may, in their discretion, procure from the county treasurer a certificate of the amount of delinquent personal taxes assessed against the person in whose favor the account or claim is presented, and may deduct from any amount found due upon such account or claim the amount of such tax and issue a warrant for the balance remaining.

"Sec. 49. For any such delinquent personal taxes, so set off and deducted from any such account or claim, the board shall issue an order to the county treasurer directing him to draw from the same fund out of which said account or claim should have been paid the amount of said delinquent taxes so set off or deducted and apply the same upon the said delinquent personalty taxes in satisfaction thereof, and the said treasurer shall, upon application, receipt therefor to the person whose taxes are so satisfied."

It has been definitely settled by repeated decisions of this court that the county board, in the examination and allowance or rejection of claims against the county, acts judicially, and its judgments or orders in such cases are conclusive unless reversed in the manner provided by law. (See *Brown v. Otoe County*, 6 Neb., 111; *State v. Buffalo County*, Id., 454.) It may be assumed that the statute of limitations had run against the taxes in question, and that the county board should not have deducted the amount thereof from the relator's claim against the county, but that is at most an error for which an adequate remedy exists by appeal.

A rule without exception is that the writ of *mandamus* will not be allowed to compel officers vested with discretionary powers to make a particular decision or to set aside one already made, notwithstanding such decision is erroneous in the sense that it may be reversed upon appeal, writ of error, or other appellate proceeding. (See *State v. Board of Commissioners of Hamilton County*, 26 O. St., 364; *People v. Chapin*, 104 N. Y., 96; *People v. Auditors of Wayne County*, 10 Mich., 307; 14 Am. and Eng. Encyc. of Law,

183, and note.)   It follows that the writ of *mandamus* should be denied and the action dismissed.

WRIT DENIED.

THE other judges concur.