State, ex rel. Davis, v. Hoctor.

---

STATE, EX REL. EDWIN DAVIS, APPELLANT, V. THOMAS HOCTOR, MAYOR, ET AL., APPELLEES.

FILED MARCH 13, 1915.   No. 18864.

Mandamus: CONTROL OF DISCRETION. While the writ of mandamus may be issued to require an inferior tribunal or board to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control its judicial discretion. Rev. St. 1913, sec. 8271.

APPEAL from the district court for Douglas county: JAMES P. ENGLISH, JUDGE. *Affirmed.*

*A. H. Murdock* and *C. J. Southard,* for appellant.

*Murphy & Winters,* contra.

FAWCETT, J. ·

As stated by relator in his brief, this is an action in mandamus to compel the mayor and city council of the city of South Omaha "to designate a particular kind of material to be used in paving, curbing and guttering a certain street, and award the contract therefor to the lowest bidder." A peremptory writ was denied by the district court for Douglas county, and relator has appealed.

An improvement district for the paving, curbing and guttering of a certain street was created by the city council of the city of South Omaha upon a petition signed by the owners of a majority of the taxable foot frontage, all as required by section 4716, Rev. St. 1913. The regularity of the proceeding establishing the improvement district is not questioned. Thereafter the council advertised for bids for the different kinds of material designated, as required by section 4718. The alternative writ recites that Abel & Roberts filed a bid, accompanied by a certified check, offering to pave the street with Egyptian vitrified brick block, class B; that M. B. Jensen filed a bid, accompanied by a certified check, for curbing and guttering with "Cowboy brand, Kansas cement, Louisville stone, Platte river sand, plan C;" that, within the time specified in section 4719 of the act, relator filed with the city clerk a petition designating Egyptian brick block, class B, as the material to be used in paving the street, and designating Cowboy brand, Kansas cement, etc., as the material to be used in curbing and guttering. There was also filed a bid for paving with "Buffalo brick block, class B, with combined curb and gutter, plan B." The petition designating the material, as originally filed by the relator, contained the names of the owners of a majority of the taxable foot frontage of the district. Before the 20 days for designating material had

expired, Theodore L. Phelps, who had signed the first-named petition for five lots, notified the council that he had elected to withdraw from that petition and desired his name to be counted on the petition for Buffalo brick block, and the father of Charles Ladd Thomas, who had signed the petition for two lots, in the absence of his son from the state, took like action in the name of and for his son. When Charles Ladd Thomas returned home he, on August 3, filed a written ratification of the act of his father as his agent. With these two names withdrawn from the petition which relator had filed, that petition would be insufficient in amount. With them remaining on the petition, it was sufficient. The relator contends that the Phelps name could not be withdrawn, for the reason that his act in making such withdrawal was induced by an agreement on the part of the representative of the Buffalo brick block bidder that, if he would so withdraw his name, the James J. Parks Company, who were the bidders for the Buffalo brick block, would refund and pay to Phelps the sum of eight cents per square yard of the cost of paving, assessed and taxed against the lots owned by Phelps; that such agreement was unlawful and fraudulent, and the attempted withdrawal of Phelps was therefore null and void. The record shows that this offer on the part of the Parks Company was to refund or remit to all of the property owners in the district eight cents per square yard, which would be one-half of the difference between the Parks bid and the bids of Abel & Roberts, and Jensen. Relator further argues that the attempted withdrawal of Charles Ladd Thomas was void, for the reason that his father had no authority to sign his name to such withdrawal, and that his attempted ratification, on August 3, of the act of his father was unavailing, for the reason that the 20 days allowed the lot owners to designate material, had expired on July 27; that the rights of the parties all became fixed on that date and his attempted ratification at a later date would not relate back to and legalize the act of his unauthorized agent on July 27. At

98Neb.2

the meeting of the city council on August 10, the mayor and council, on consideration of all of the matters, found that the record owners of a majority of the foot front- age of taxable property in the district "have failed to file a sufficient petition with the city clerk as by law per- mitted, and hence it becomes the duty of the mayor and council to select and. designate from those bids upon the kind and class of paving material to be used upon said street in said district." It thereupon designated "Buffalo brick block, class B, with combined curb and gutter plan B," as the material with which the street should be paved, and awarded the contract therefor to the James J. Parks Company. On the same day, August 10, the relator de- manded of the mayor and council that they reconsider and rescind the resolution adopted by them on that date, designating Buffalo brick block, and awarding the con- tract for the work to the Parks Company, and further demanded that they designate Egyptian brick block as the material to be used for paving, and award the contract therefor to Abel & Roberts, and that they designate the Cowboy brand, Kansas cement, etc., as the material to be used as curbing and guttering, and award the contract therefor to M. B. Jensen. This demand not being complied with, relator, on the next day, commenced this action in mandamus to compel the city council, as recited in the alternative writ, to rescind the resolution, passed by them on August 10, designating Buffalo brick block; rescind their action awarding the contract to the Parks Company; to designate Egyptian brick block as the material for pav- ing, and award the contract therefor to Abel & Roberts; to designate the Coyboy brand, Kansas cement, for curbing and guttering, and award the contract therefor to Jensen; or show cause why the same was not done. On a full hearing the district court held that both of the petitions involved in the controversy were insufficient, and rejected the same; that relator was not entitled to the peremptory writ as prayed, and ordered that the application for the writ be denied and the action dismissed at relator's cost.

We are now asked, in this action, to review the action of the mayor and city council in passing upon the sufficiency of the petitions in controversy. This we must decline to do. The duty of examining the petitions rested upon them, and the determination of their sufficiency was a judicial discretion vested in them. They have already exercised that discretion. They have passed upon the question of the sufficiency of the petitions presented, and held them insufficient, and have awarded the contract for the paving, curbing and guttering to the Parks Company. If their action was wrong, it was an error which relator could have had corrected by the ordinary methods in such cases. That it was wrong is, to say the least, not entirely clear; but, whether so or not, their judgment cannot be reviewed by mandamus. As said in *State v. Nemaha County*, 10 Neb. 32: "But whatever errors may have been committed by the board of commissioners in rejecting the names of signers of said petition (for the calling of a special election for the relocation of the county seat) they cannot be considered in this case. Such alleged errors may be reviewed by a proper proceeding, but cannot be corrected in an application of this kind by mandamus."

This well-settled rule is decisive of this case. The fact that the district court decided the case on the merits, is immaterial, as the result reached—viz., the dismissal of relator's action—properly disposed of the case.

AFFIRMED.

MORRISSEY, C. J., BARNES and LETTON, JJ., not sitting.