STATE, EX REL. KATHERINE GARTON, RELATOR, APPELLEE, V. W. R. FULTON, COUNTY JUDGE, RESPONDENT, APPELLANT.

FILED APRIL 25, 1929. No. 26565.

*Guy A. Hamilton,* for appellant.

*F. L. Bollen, contra.*

*Elmer E. Thomas, amicus curiæ.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and LIGHTNER and REDICK, District Judges.

GOOD, J.

Respondent has appealed from the allowance of a peremptory writ of mandamus, commanding him, as county judge of Fillmore county, to grant and award to relator a jury trial in an action pending in the county court of said county, wherein relator is charged with the unlawful sale of intoxicating liquors, and wherein such sale is charged to be a second offense.

From the record it appears that in the county court of Fillmore county a complaint was filed wherein relator was charged with the unlawful sale of intoxicating liquors as a second offense; that relator appeared in said action, pleaded not guilty thereto and demanded a jury trial. The county court, upon due consideration, refused her demand and denied a jury trial. Thereupon, this proceeding was instituted, with the result indicated.

In the application for the writ relator alleges that re-

spondent based his refusal to grant a jury trial upon his construction of the provisions of section 3287, Comp. St. 1922, which in part reads as follows: "Magistrates and police courts are hereby vested with jurisdiction to try without a jury all violations of this act and of all such ordinances wherein the penalty does not exceed a fine of one hundred dollars or imprisonment for a period of three months, and upon the conviction such magistrates and police judges shall impose sentence." Relator further charges that in her belief the said section of the statute is violative of sections 6 and 11, art. I, of the Constitution. The sections, so far as material, are as follows: Section 6: "The right of trial by jury shall remain inviolate." Section 11: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." In his return to the alternative writ respondent set forth the fact that a complaint had been filed against the relator charging her with the unlawful sale of intoxicating liquors, and charging the sale to have been a second offense, as provided under section 3238, Comp. St. 1922; that the plea of not guilty was entered; that relator demanded a trial by jury and that respondent, in the impartial and careful exercise of the duties vested in his office, refused the request.

Both relator and respondent, by their counsel, have earnestly requested this court to determine whether section 3287, Comp. St. 1922, is violative of sections 6 and 11, art. I, of the Constitution, and whether the relator was entitled to a jury trial in the cause then pending in the county court. If the action is properly brought to this court and presented by this appeal, it is the duty of the court to pass upon and determine the questions argued; but, on the other hand, if the questions argued have not been properly brought to this court, any attempted determination would be of no force or effect as a precedent and would be nothing more than *dictum*. Our first consideration, therefore, will be to determine whether or not the constitutionality of said

section 3287 has been properly brought to this court in this action.

Mandamus is an extraordinary remedy. Section 9224, Comp. St. 1922, authorizes the issuance of a writ of mandamus to an inferior tribunal to compel the performance of an act which the law especially enjoins as a duty, and may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but cannot control judicial discretion. Section 9225, Comp. St. 1922, provides that the "writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." The availability of mandamus, as a remedy to compel a judicial tribunal to act and the extent to which the tribunal's act may be coerced, has frequently been before this and other courts. The decisions are not entirely harmonious. We will proceed to a review of the decisions of our own court and make reference to the decisions in other jurisdictions.

In *State v. Nemaha County*, 10 Neb. 32, it was held: "Mandamus is not a proceeding to correct errors; it is invoked merely to compel action, and creates no new powers."

In *State v. Powell*, 10 Neb. 48, wherein it was sought to compel a justice of the peace to reinstate a judgment on the docket of his predecessor, it was "held, that the error, if any, in setting aside the verdict and judgment, cannot be reviewed on an application for a mandamus." The ruling was based on the assumption that the action could have been reviewed by proceedings in error.

In *McGee v. State*, 32 Neb. 149, it was held: "A mandamus will not issue to correct errors committed by a court, or other tribunal, exercising judicial powers." In that case relator sought by mandamus to compel the county supervisors to reassemble as a board of equalization and strike from their records an entry relating to the equalization of the assessment of relator's property. The district court granted the writ. On appeal to this court, in the course of the opinion, it was said (page 154): "Mandamus will not

lie where there is a plain and adequate remedy in the ordinary course of the law." It was pointed out in the opinion that decisions of the county board of equalization may be reviewed in the district court by petition in error, and that such remedy is full and complete.

In *State v. Churchill*, 37 Neb. 702, it was held: "Mandamus will not lie to compel officers exercising judicial functions to make a particular decision, or to set aside or vacate a decision already made."

In *State v. Merrell*, 43 Neb. 575, it was held: "This court has no authority under the Constitution and the laws of the state to compel by mandamus the county board of a county to allow a claim against such county, although the court may be of opinion that such claim is a valid obligation against the county and that it has no defense thereto.

"A county board in the adjustment of claims against a county acts judicially, and this court cannot, by mandamus, control the judicial discretion of such board. *State v. Churchill*, 37 Neb. 702, reaffirmed.

"Mandamus is the last resort of a litigant and the courts will not employ this remedy when such litigant has a plain and adequate remedy at law; nor in the absence of such remedy unless the relator has a clear right to have the officer to whom he wishes the writ directed perform the identical ministerial act prayed for."

In *Nebraska Telephone Co. v. State*, 55 Neb. 627, it was held: "A litigant will not be permitted to invoke the extraordinary remedy of mandamus when an express statute affords him an adequate remedy for the redress of the grievance of which he complains."

In *State v. Fawcett*, 64 Neb. 496, it was held: "A party who complains that a trial judge has incorporated incompetent, irrelevant or improper matter in a bill of exceptions by way of amendment on the ground that he took judicial notice thereof at the hearing, has a 'plain and adequate remedy in the ordinary course of the law,' within the purview of section 646, Code of Civil Procedure (now appearing as section 9225, Comp. St. 1922), by obtaining a re-

view of the action of the judge in considering the matter complained of." In that case an application for mandamus was made to compel the settling of a bill of exceptions, and the writ was denied.

In *State v. Jessen*, 66 Neb. 515, it was held: "The writ of mandamus will not issue merely to correct errors; it must further appear that the remedy prayed for by the application for the writ can be obtained by that means only and as a last resort, and that the relator has no adequate remedy in the due and ordinary course of the law.

"The writ will not ordinarily issue when its effect would be to reverse or vacate an order of a court or tribunal having jurisdiction to make the order, and especially when such order is one that may be reviewed on error or by appeal."

In *State v. Drexel*, 75 Neb. 751, it was held: "The appeal provided by the revenue law from the decision of the county board as to the liability of property to taxation is a plain, adequate, legal remedy, and mandamus will not lie to correct errors of the county board in such decision."

In *State v. Hoctor*, 98 Neb. 15, it was held: "While the writ of mandamus may be issued to require an inferior tribunal or board to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control its judicial discretion."

In *State v. Troup*, 98 Neb. 333, it was held: "Although the common-law writ of prohibition has been abolished in this state, the duty is still imposed upon this court to prevent violation of law by inferior tribunals, and, where there is no adequate remedy in the ordinary course of the law, mandamus is the proper remedy." In that case the district court dismissed an action to recover damages for personal injuries because of the refusal of plaintiff to comply with an order of the court to submit to a physical examination by a physician or surgeon to ascertain the nature and extent of the injuries of which she complained. The plaintiff in that action then applied to the supreme court for a writ against the judge who made the order,

requiring him to reinstate her cause and proceed to trial thereof. While this court held that mandamus was a proper remedy to review the question, it denied the writ. We infer that, had it been shown that the trial court had acted capriciously or arbitrarily, amounting to a refusal to hear and determine a cause of which it had jurisdiction, the writ would have been granted.

In *State v. Board of Commissioners*, 105 Neb. 570, it was held: "The court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of inferior tribunals."

In *State v. Lancaster County*, 110 Neb. 635, it was held: "Mandamus is not a proper remedy to obtain redress from errors in making assessments for special benefits by a board of equalization, when the statute affords an adequate legal remedy."

In *State v. Westover*, 2 Neb. (Unof.) 768, it was held:

"An ultimate right of review by error or appeal is a plain and adequate remedy within the purview of section 646, Code of Civil Procedure (now section 9225, Comp. St. 1922).

"As an order setting aside a decree and granting a new trial, made without jurisdiction, may be reviewed on error or appeal as soon as it results in a new decree, a writ of mandamus will not issue to compel vacation of such order and reinstatement of the original decree."

In *State v. Graves*, 66 Neb. 17, this court, by writ of mandamus, required a district judge to vacate an order granting an injunction. In that case it appeared that an injunction had been granted at chambers, without hearing or notice, which had the effect of transferring the possession of property from one litigant to another. The court held:

"A court or judge has no authority by a provisional injunction to transfer the possession of real or personal property from one litigant to another.

"Such an order made by a judge at chambers, without

a hearing or any opportunity to be heard, *held* to be, not merely erroneous, but absolutely void."

The opinion in that case goes further than any other opinion of this court that we have been able to find, in controlling by mandamus the action of a district judge. In that case the opinion is based on the theory that the action of the district judge was wholly without jurisdiction or authority, absolutely void; that there was no adequate remedy at law, and, under this extraordinary situation, held that mandamus was a proper remedy to compel the cancelation of the order.

Turning to the views as expressed by other tribunals, we find the case of *Ex parte Roe,* 234 U. S. 70, 58 L. Ed. 1217, wherein an action had been removed from the state to the federal court and a motion there made to remand to the state court which was denied. Thereupon, application was made to the United States supreme court to compel the district court to remand the cause to the state court. It was therein held: "The refusal of a federal district judge to remand to the state court whence it had been removed a suit against a federal corporation involving the requisite jurisdictional amount, and therefore removable, unless made otherwise by the fact that it also arose under the employers' liability act, * * * cannot be reviewed by mandamus, since such ruling would be subject to appellate review after final judgment." In the course of the opinion it was said (page 73): "The accustomed office of a writ of mandamus, when directed to a judicial officer, is to compel an exercise of existing jurisdiction, but not to control his decision. It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal."

In *In re Isaac L. Rice,* 155 U. S. 396, 39 L. Ed. 198, it was held: "The writ of mandamus cannot be issued to compel the court below to decide a matter before it in a particular way, or to review its judicial action had in the exercise

of legitimate jurisdiction; the writ cannot be used to perform the office of an appeal or writ of error, even if no appeal or writ of error is given by law."

In *Matter of Tiffany*, 252 U. S. 32, 64 L. Ed. 443, it was held: "Resort may not be had to the extraordinary writ of mandamus or prohibition where the petitioner has the right to a writ of error or appeal."

*State v. First Judicial District Court*, 24 Mont. 539, was an action in which an application for a writ of *certiorari* was made to the supreme court to review the action of the district court in releasing one from imprisonment on a writ of habeas corpus, on the theory that the court had exceeded its jurisdiction. In the course of the opinion (p. 553) it was said: "There are three indispensable requisites to the granting of the writ: (1) Excess of jurisdiction in the court making the order complained of; (2) absence of the right of appeal; and (3) lack of any plain, speedy, and adequate remedy other than *certiorari*. * * * Jurisdiction means the power to hear and determine the particular case presented for consideration, as well as to make such orders and to render such a judgment therein as the law authorizes in the class of cases to which it belongs; * * * in brief, it is the power to hear and determine the questions *coram judice* in the particular case. It therefore follows that the conclusion reached and the judgment rendered in the particular case may be either right or wrong, and still jurisdiction be in no wise exceeded; * * * otherwise, the making of an erroneous order or judgment in any case would be an excess of jurisdiction in the sense that it would be the determination of a question *coram non judice*. The district court was called upon to decide upon the legality of the imprisonment of Ramsey; having issued the writ, and caused the complainant to be produced before it, it was authorized and required to pass upon the question thus presented, and it is immaterial upon this inquiry, whether it decided the question right or wrong."

In *Ex parte State,* 208 Ala. 28, it was held:

"Mandamus will lie to command the exercise of judgment or discretion, but will not direct the manner of its operation.

"Mandamus will not lie for the correction of errors, such as an erroneous refusal to grant a change of venue, though upon a proper showing of abused discretion it is available to compel a proper exercise thereof."

In *Rose v. O'Brien,* 80 W. Va. 280, it was held: "While generally mandamus lies to compel an inferior tribunal to act upon matters presented for adjudication if within its jurisdiction, it is not available to require the exercise of judicial discretion or judgment in any particular manner, or to reverse a decision when made if erroneous. Its office is to compel the exercise of judicial action, but not to determine what the result of the adjudication shall be."

In *State v. Pollard,* 112 Wis. 232, it was said, concerning the exercise of supervisory control of inferior courts: "But this court will not exercise its jurisdiction when there is another adequate remedy, by appeal or otherwise, nor unless the exigency is of such an extreme nature as obviously to justify and demand the interposition of the extraordinary superintending power of the court of last resort of the state."

In *Ex parte Riddle,* 255 U. S. 450, it was held: "Ordinarily, at least, it (mandamus) is not to be used when another statutory method has been provided for reviewing the action below, or to reverse a decision of record."

In *Ex parte Wagner,* 249 U. S. 465, 63 L. Ed. 709, it was held: "Mandamus is an extraordinary remedy, to be resorted to for the purpose of securing judicial action, not for determining in advance what that action shall be."

A thorough discussion of the power to control by mandamus the actions of inferior courts may be found in 2 Bailey, Habeas Corpus, pp. 874 to 892; and also in Ferris, Extraordinary Legal Remedies, secs. 187 to 217.

There are opinions by courts of other states that go further than the cases above quoted in controlling, by the

writs of mandamus, prohibition and certiorari, the actions of inferior courts. Those decisions are mostly, if not entirely, from jurisdictions where constitutional provisions exist giving to the courts of last resort or general jurisdicion general supervisory powers and control over the actions of inferior tribunals. The Constitution of this state has no such provision. Those decisions are, therefore, of little value in this jurisdiction.

The authorities above quoted fully sustain the following propositions: Mandamus will lie to compel an inferior court to hear and determine a cause, if within its jurisdiction and when properly brought into the court. Mandamus will not lie to coerce judicial discretion of an inferior court, nor to predetermine the character of the judgment that the court shall enter. Mandamus will not issue to review the action of an inferior court where there is an adequate remedy at law, and the writ may not be used to usurp or take the place of an appeal or writ of error.

In the case wherein relator was defendant the county court was vested with jurisdiction of the parties and the subject-matter. Defendant in that action demanded a trial by jury. The state resisted the demand, relying upon a statute authorizing the court to proceed to trial in such cases without a jury. Defendant was contending that the statute was unconstitutional, and that the Constitution guaranteed to her a jury trial. There was presented to the county court a legal question for its decision. It was for that court to hear and decide. No other court had any jurisdiction to hear and decide the question in that case. If the county court erred in its decision, which we do not decide, there was an adequate remedy afforded the defendant, when judgment was entered, to proceed to review the court's action either by appeal or proceedings in error.

We are forced to the conclusion that the action of the county court in refusing to award the relator a jury trial cannot be reviewed in a mandamus proceeding. The district court, therefore, erred in granting the writ.

The conclusion reached renders it not only unnecessary but improper for us to pass upon the constitutionality of the statute, as requested by the parties. It is a general rule that courts will not pass upon the constitutionality of a statute unless it becomes necessary to a proper disposition of a case properly pending before the court. Since the proceeding instituted in the district court was not the proper remedy to review the action of the county court, the constitutionality of section 3287, Comp. St. 1922, was, therefore, not properly before that court for decision, nor does an appeal from that court bring such question here for decision.

The district court erred in granting the writ, and its judgment awarding the writ is reversed, the writ quashed, and the proceeding dismissed at relator's costs.

REVERSED AND DISMISSED.