STATE, EX REL. CUMING COUNTY FARM BUREAU ET AL., APPELLANTS, V. THOMAS E. TIGHE ET AL., APPELLEES.

FILED MARCH 23, 1933. No. 28481.

*John J. Gross,* for appellants.

*Zacek & Nicholson* and *H. R. Ellenberger, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Relators appeal from a judgment refusing to compel the county board of supervisors by mandamus to allow money to finance the county farm bureau.

The procedure for obtaining such allowance is set out in chapter 2, art. II, beginning with section 2-1101, Comp. St. 1929. The petition for mandamus duly pleaded the organization of the bureau, the qualified status of relators, the population of the county as 13,000 to 15,000, its operation under township organization, the status of respondents as the seven members of the board of supervisors, the duty to appropriate money if a sufficient petition be filed, and the assessed valuation of the county. It alleged the filing of a petition in conformity to law, signed by 866 persons, 65 of whom signed twice, leaving 801 qualified signers, and alleged the filing of a remonstrance purporting to be signed by 1,045 persons, of whom the petition relates that the names of 7 appeared twice, 146 had previously signed the petition, 118 signers disqualified; that there were only 774 qualified signers

on the remonstrance, although 902 were needed to meet the requirements of the law; that the petition and remonstrance were considered by the respondents for several days in session as a county board and that they voted (as shown by the quoted record) that the petition and remonstrance be rejected for the reason of fraud being shown on both petitions. Relators alleged that the action of respondents was without authority of law and contrary to law, in that the duty was to allow the petition or to submit the matter to a vote of the people. Relators alleged damages in $1,000 and that they have no adequate remedy at law. The prayer is for mandamus to require respondents to allow the petition and set aside the money for the farm bureau.

Respondents demurred and the court sustained the demurrer. Relators electing to stand on their petition, it was ordered dismissed.

Under the population alleged, 500 signers of the petition were required. Comp. St. 1929, sec. 2-1101. "Whenever such petition is filed in the time, manner and form herein prescribed, it shall be the duty of the county board to accept and allow said petition and to annually allow such budget without further action on the part of the farm bureau." Comp. St. 1929, sec. 2-1102. This section also provides that if a remonstrance be filed signed by one-eighth more in number than there are signers on the petition, the matter shall be submitted to a vote of the people at the next general election.

The appellants urge that the act required of the county board is ministerial and it was erroneous not to compel it by mandamus. The appellees argue that, in determining the sufficiency of the petition, the county board exercises judicial functions, that its exercise of judicial discretion cannot be attacked collaterally and coerced by mandamus, and that relators had an adequate remedy at law by means of error proceedings from the county board to the district court. The demurrer admitted all facts well pleaded but raised the above questions of law.

In substance and effect, the county board held the petition submitted to it insufficient because of fraud in obtaining the signatures to it and so rejected it. The question before us is whether mandamus will compel respondents to act merely because there were signers in sufficient number, notwithstanding their finding that the signatures were fraudulent, or whether the relators were required to follow their legal remedy by error proceedings.

Though the writ of mandamus may be issued to any inferior tribunal, corporation, board or person to compel the performance of an act which the law specially enjoins as a duty, and may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion. Comp. St. 1929, sec. 20-2156.

"This writ may not be issued in any case where there is a plain and adequate remedy * * * at law." Comp. St. 1929, sec. 20-2157.

In *State v. Fulton,* 118 Neb. 400, there is a concise and thorough review by Judge Good of many cases in this and other courts holding that mandamus will not lie to control judicial discretion, nor to review the action of an inferior court where there is an adequate remedy at law for review by appeal or proceedings in error. We adopt, without repeating it, the argument there. It is as applicable to a county board as to a county court.

The recent case of *Red Willow County v. McClain,* 123 Neb. 209, involved the determination by the county board of actual expenses, or of current railroad rates, or of the number of miles actually traveled by the sheriff in conveying prisoners to institutions or in returning fugitives. We held that the determination of the facts in each instance would be a quasi judicial act on the part of the board. The suit was begun by the county as an original action in the district court to recover alleged overpayments. The sheriff had from time to time filed claims with the county clerk. They had been considered and allowed by the county board and no appeal had been

582

taken. So we further held that the decision of the county board was not subject to the collateral attack by original action in the district court.

In *Mitchell v. County of Clay*, 69 Neb. 779, Pound, C., reviewed former decisions of the courts in passing upon claims against the county. It was there said: "County commissioners act quasi judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed."

It seems that the act of the county board in passing upon the petition submitted to them, taking several days for the hearings, was fully as much a quasi judicial act of the board or tribunal as would be the passing upon claims involving the finding and decision of facts. The relators pleaded that the board found fraud in the petition asking for the fund. We see no reason why the board was bound to accept the petition if enough of the signatures were procured by fraud to make it ineffectual. The taint of fraud can vitiate things involved in a board or inferior tribunal as well as in a regularly constituted court. So we are of the opinion that the board acted quasi judicially and that the remedy of relators was to have the action reviewed directly and not by this collateral attack. We are of the opinion that mandamus will not lie in such a state of facts.

The judgment of the district court was right, and it is

AFFIRMED.