REINHART EVERTS ET AL., APPELLEES, v. RUPERT M. YOUNG, COUNTY CLERK, APPELLANT.

FILED NOVEMBER 24, 1933. No. 28673.

*Waring & Waring* and *W. J. Hammond,* for appellant.

*McNeny, Gilham & Sprague, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

GOOD, J.

This is an action to enjoin the county clerk of Fillmore county from obeying an order and direction of the county

board of said county, requiring him to place upon the ballot, at the next ensuing election thereafter, the proposition as to whether or not the Fillmore county farm bureau budget should be continued. The trial court granted the injunction and permitted its judgment to be superseded. Defendant has appealed.

From a stipulation of the parties, it appears that Fillmore county has a population between 13,000 and 15,000; that in 1928 a farm bureau was duly organized in Fillmore county, pursuant to the provisions of section 2-1101 to section 2-1103, inclusive, Comp. St. 1929. The farm bureau continued in existence until 1932, when a remonstrance petition was filed, requesting the county board to submit to the voters of the county the question of a continuance of the appropriation for the support of the bureau. After an examination and hearing, the county board determined that the remonstrance was in due form and signed by a sufficient number to require the submission of the question to the legal voters, and thereupon adopted a resolution directing the county clerk to place the proposition upon the ballot at the ensuing election.

Section 2-1101, Comp. St. 1929, provides, in counties having a population of 13,000 to 15,000, for the filing of a petition, signed by not less than 500 persons, who are *bona fide* residents of the county and are actively and actually engaged in farming therein, requesting the county board to appropriate a sum of money out of the general fund of the county, for the purpose of promoting improvement in agricultural methods and other objects, including employing and maintaining an agricultural agent in said county under the administration of a farm bureau. Section 2-1102 provides that if such petition is filed in the time, manner and form prescribed it shall be the duty of the county board to accept and allow the petition and to annually allow such budget without further action on the part of the farm bureau. It further provides that, if there be filed with the county clerk within the prescribed time, either the same year or any second year

thereafter, a remonstrance against the allowance of the budget, the county board shall submit the question to the people of the county at the next general election held thereafter. It also provides that such remonstrators shall be *bona fide* residents of the county, actively and actually engaged in farming in said county, and shall be more than one-eighth in number than there are signers on the petition for the organization of the farm bureau; and provides further that, in considering the sufficiency of a remonstrance, the county board shall ignore the names of such remonstrators which also appear on the original petition or petitions.

By the stipulation it appears that 835 names of persons were upon the original petition for the farm bureau, filed in 1928; that there were 1,295 names on the remonstrance petitions filed in 1932. Plaintiffs in their petition allege, and under the stipulation of facts contend, that the remonstrance petitions were not signed by a sufficient number of qualified persons to require submission of the question to the voters of the county; that a number of the signers were not actively engaged in agriculture, and that others had signed the original petition favoring the organization of the farm bureau and could not, by withdrawing their names therefrom, qualify as signers of the remonstrance petition. For reasons hereinafter stated, we find it unnecessary to pass upon any of those questions.

Since the judgment in this case was entered in the district court, this court has adopted an opinion in the case of *State v. Tighe*, 124 Neb. 578, which we think controls the decision in this case. That was an action to compel the county board of supervisors by mandamus to allow money to finance the county farm bureau. It involved the sufficiency of the petitions favoring the farm bureau and budget therefor. It was there held that the county board, in passing upon the sufficiency of the petition, performed a quasi-judicial act, and that its judgment could not be coerced by mandamus; that the remedy

was by a direct review by proceedings in error, and not by collateral atack.

We think it is clear that in the instant case the county board acted quasi judicially in passing upon the sufficiency of the remonstrance petitions and the qualifications of signers thereto, and that its judgment may not be attacked in a collateral proceeding but can only be reviewed in a direct proceeding in error. An injunction action will not lie to correct errors of an inferior tribunal, where there is an available remedy in a direct proceeding by appeal or error. Error proceedings were available to the plaintiffs. It follows that the injunction should not have been granted.

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.