STATE OF NEBRASKA EX REL. ETHEL F. SIMPSON, APPELLANT, v. HONORABLE ROBERT C. VONDRASEK, JUDGE OF THE OMAHA MUNICIPAL COURT, APPELLEE.

279 N. W. 2d 860

Filed June 12, 1979. No. 42247.

D. Nick Caporale and Michael A. Nelsen of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Herbert M. Fitle, Omaha City Attorney, and James E. Fellows, Deputy City Attorney, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and KNEIFL, District Judge.

BRODKEY, J.

On or about April 5, 1978, Thomas K. Moore filed a claim against Ethel F. Simpson, the relator and appellant herein, in the small claims court of the Omaha municipal court claiming damages allegedly resulting from an automobile accident between the parties. Pursuant to statute, Ethel Simpson was notified of the pendency of the claim and was served with official form No. 1A of the small claims court which notified her: "You must *appear* before this court on April 24, 1978 at Two P.M., at Courtroom No. 6, Main Floor, if you do not *appear,* a judgment may be entered against you. Cost of this action also may be charged against you." (Emphasis supplied.)

On April 17, 1978, Ethel Simpson filed a written request for the removal of the case from the small claims court to the ordinary docket of the municipal court of the city of Omaha, and on that date the case was transferred to the regular docket of the municipal court. The clerk of the municipal court then filed official municipal court form "M.C. 171 (75-1)"

entitled, "Notice of Answer Day and Notice of Hearing," setting May 5, 1978, as the "answer day," and mailed the form to the respective parties. No issue is raised in this case that the transfer to the municipal court docket was not timely and properly done. On May 5, 1978, the answer date set in the foregoing notice, Ethel Simpson filed her answer and also a counterclaim in the municipal court action, and also filed a demand for a jury trial. The case, designated as "Thomas K. Moore, Plaintiff vs. Ethel F. Simpson, Defendant, Docket 272, Page No. 95" was assigned to the Honorable Robert C. Vondrasek, judge of the Omaha municipal court, the respondent-appellee in this appeal.

Thereafter, on May 11, 1978, respondent ordered relator to show cause why her request for a trial by jury should not be denied because of the fact that her demand for a jury trial was filed subsequent to April 24, 1978, which was the appearance date originally scheduled in the small claims court. A hearing was had on the order to show cause on May 19, 1978, and on May 23, 1978, respondent entered an order denying relator the jury trial she had requested, rejecting her argument that the proper answer day for filing a request for a jury trial was May 5, 1978, the answer day established by the municipal court when the case was transferred from the small claims court, and not April 24, 1978, the date originally scheduled for her appearance in the small claims court.

Relator then filed her petition for a writ of mandamus in the District Court for Douglas County to compel respondent to grant her a trial by jury. Trial of the mandamus action was held on June 22, 1978, at which time respondent appeared and testified. On July 11, 1978, the District Court entered its order denying relator's petition for a writ of mandamus, basing its decision upon State, ex rel. Garton v. Fulton, 118 Neb. 400, 225 N. W. 28 (1929). Relator

then perfected her appeal to this court. The issues presented are whether relator was entitled to a jury trial of her action, still pending in the municipal court of the city of Omaha, and whether she was entitled to a writ of mandamus to obtain such jury trial.

We first review certain constitutional provisions, statutes, and rules which we believe to be relevant to this case. We start with our own constitutional provision regarding the right to trial by jury. Article I, section 6, Constitution of the State of Nebraska provides: "The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury." Certain minor exceptions to the above provision have been allowed in the past, as, for example, in the trial of petit offenses in violation of city ordinances. State v. Johnson, 191 Neb. 535, 216 N. W. 2d 517 (1974). Generally, however, the right to a jury trial is part of our fundamental law. Fugate v. State, 169 Neb. 420, 99 N. W. 2d 868 (1959). Section 24-536, R. R. S. 1943, specifically provides: "Either party to any case in county or municipal court, except criminal cases arising under city or village ordinances and traffic infractions, and except any matter arising under the provisions of the Nebraska Probate Code, may demand a trial by jury. In civil cases, the demand must be in writing and *must be filed on or before answer day.* All provisions of law relating to juries in the district courts shall apply to juries in the county and municipal courts and the district court jury list shall be used, except that juries in the county and municipal courts shall consist of six persons." (Emphasis supplied.) Rule 4g(1) of the Omaha municipal court rules of practice, adopted pursuant to the authority granted under section 26-1,202, R. R. S. 1943, and in effect at all times material to this case,

provides as follows: "Parties desiring a jury trial in civil cases must demand same in writing on or before answer day, pursuant to Section 25-536, R. S. Supp. 1974." There seems to be little question, and respondent concedes the fact in his testimony in District Court, that if the relator demanded a trial before "answer date" she would be entitled to it, and the court would have no discretion to refuse it. The difference of opinion between the relator and the respondent arises in the determination of the correct and applicable date on or before which the request for the jury trial must have been made. Respondent claims that the applicable date was the appearance date before the small claims court, which was April 24, 1978. Relator contends the applicable date was the answer date set by the municipal court after the transferal of the case to municipal court, which was May 5, 1978.

The solution to this problem requires an examination of the statutes applicable to the small claims court, being sections 24-521 to 24-527, R. R. S. 1943. Section 24-524, R. R. S. 1943, provides, among other things, that: "(1) Actions in the Small Claims Court shall be commenced by the filing of a *claim* by the plaintiff on a form provided by the clerk of the county court or municipal court. * * * (3) Upon filing of a *claim* in the Small Claims Court, the court shall set a time for hearing and shall cause notice to be served upon the defendant. * * * Notice shall consist of a copy of the complaint and a summons directing the defendant *to appear* at the time set for hearing and informing the defendant that if he fails to appear, judgment will be entered against him. * * * (4) The defendant may file a setoff or counterclaim in an amount not in excess of five hundred dollars, exclusive of interest and costs. * * *." (Emphasis supplied.) Section 24-525, R. R. S. 1943, provides: "All matters in the Small Claims Court shall be tried

to the court without a jury. If the defendant in any action desires to transfer the case to the regular docket, he shall give notice to the court *prior to the time set for the hearing,* and the case shall be transferred to the regular docket of the county or municipal court *and shall thereafter be subject to all provisions of law and rules of court applicable to proceedings in the county and municipal court.* * * *." (Emphasis supplied.) Section 24-526, R. R. S. 1943, provides: "No formal pleadings other than the *claim and notice,* and the *counterclaim or setoff and notice,* if appropriate, shall be required in the Small Claims Court * * *." (Emphasis supplied.) It is to be noted that no mention is made in any of the foregoing statutes either of "an answer day," or the filing of an "answer;" the only pleadings mentioned are the claim and notice of the plaintiff, and the counterclaim or setoff and notice of the defendant. Moreover, the statutes do not require the defendant to file an answer by any particular date, but only that he "appear," or suffer a judgment to be taken against him. The entire matter is handled in the small claims court on a very informal basis, with a minimum of procedural requirements. It is only after the matter is transferred to the formal municipal docket, if this is desired, that the requirements for formal pleadings and pleading dates, being the regular procedure established for cases originally filed in the municipal court, come into play. It is at this point that the regular municipal court rules of procedure govern, including rule 4g(1), that: "Parties desiring a jury trial in civil cases must demand same in writing *on or before answer day,* pursuant to Section 24-536, R. S. Supp. 1974." (Emphasis supplied.) It seems clear that to be meaningful, the "answer day" referred to in the above rule must of necessity mean the answer day set in the municipal court after the transfer of the case from the small claims court, and we so hold.

Relator's request for a jury trial was, therefore, timely made, and should have been granted.

We turn next to the consideration of whether the relator was entitled to use the remedy of a petition for a writ of mandamus to enforce her right to a jury trial. Counsel for respondent argues that the statutes in question are vague and required interpretation, that the trial judge had the "judicial discretion" to interpret them in the manner he understood them, and that mandamus may not be used to control the exercise of judicial discretion. It is, indeed, the duty of the court to interpret and apply the applicable law. However, we do not believe it can be said that a judge has judicial discretion to apply incorrect law. "Judicial discretion" has been frequently defined in many different ways. In 27 C. J. S., Discretion, pp. 292-293, it is stated: "In a broad sense, 'judicial discretion' is the option which a judge may exercise either to do or not to do that which is proposed to him that he shall do; choosing between the doing and not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done; the exercise of the right legally to determine between two or more courses of action." An eminent authority, Professor Maurice Rosenberg of Columbia University Law School, who has conducted many seminars exploring the meaning and ramifications of the term "judicial discretion," has arrived at the following pragmatic definition of the term: "Judicial discretion is a limited right to be wrong in the eyes of the appellate court and still not be reversed." Applying that definition to the instant case, we do not believe that, sitting as the appellate court, we may close our eyes to the application of the trial court of a wrong rule of law, and sustain the error on appeal on the theory that the choice was within the judge's "judicial discretion." It is probably true that all judges, at some time during their service on the bench, make erroneous in-

terpretations of the law; but when that occurs, the errors should be, and are, subject to correction. In State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341 (1944), we quoted with approval from 34 Am. Jur., § 72, p. 862, as follows: "Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law, and must, therefore, in a certain sense, construe it in order to form a judgment from its language as to what duties he is directed by statutes to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law directs him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer."

In denying relief on her petition for a writ of mandamus, the District Court strongly relied upon the previous opinion of this court in State, ex rel. Garton v. Fulton, 118 Neb. 400, 225 N. W. 28 (1929), and counsel for respondent also puts great emphasis upon this case in his brief and argument in support of the action of the court in denying the writ of mandamus. It is true that in State, ex rel. Garton v. Fulton, *supra,* we enunciated the rule that: "Mandamus will lie to compel an inferior court to hear and determine a cause, if within its jurisdiction and when properly brought into the court. Mandamus will not lie to coerce judicial discretion of an inferior court, nor to predetermine the character of the judgment that the court shall enter. Mandamus will not issue to review the action of an inferior court where there is an adequate remedy at law, and the writ may not be used to usurp or take the place of an appeal or writ of error." We believe, however, that Garton is clearly distinguishable from the instant

case. In that case the relator was charged in the county court of Fillmore County with the unlawful sale of intoxicating liquors as a second offense. She pleaded not guilty to the charge and demanded a jury trial, which the county court denied. In denying the jury trial, the trial judge relied on a specific former statute, being section 3287, Comp. St. 1922, which reads in part as follows: "Magistrates and police courts are hereby vested with jurisdiction to try without a jury all violations of this act and of all such ordinances wherein the penalty does not exceed a fine of one hundred dollars or imprisonment for a period of three months, and upon the conviction such magistrates and police judges shall impose sentence." It is clear that by virtue of the foregoing statute, Garton clearly involved the exercise of judicial discretion of an inferior court, and in that case we correctly stated that mandamus will not lie to coerce the judicial discretion of an inferior court. In the instant case, as previously discussed, there is no discretion under the statutes and rules providing for a jury trial in a municipal court. If a demand for a jury trial is timely filed, a jury trial is mandated, and no discretion of any kind is involved. Respondent argues, however, that it is well-established law in this jurisdiction that mandamus will not issue to review the action of an inferior court where there is an adequate remedy at law, and that the writ may not be used to usurp or take the place of a writ of error or an appeal. State, ex rel. Garton v. Fulton, *supra;* Watts v. City of Omaha, 184 Neb. 41, 165 N. W. 2d 104 (1969); § 25-2156, R. R. S. 1943. This is unquestionably the general rule. However, relator argues that an appeal at this late date and after an abortive trial is a wholly inadequate remedy, and will not save her from the expense and harassment of a trial, nor save the court system from additional expense, time, and duplication of effort. We have held that where a specific duty is provided by stat-

ute, mandamus may be invoked to enforce it if denied; and the party entitled to such relief will not be forced to pursue his remedy by circuitous and dilatory action at law. State ex rel. Agricultural Extension Service v. Miller, 182 Neb. 285, 154 N. W. 2d 469 (1967); State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341 (1944). Under the facts of this case, we are inclined to agree with relator; and in the interest of conserving further expenditure of time, expense, and effort, we conclude that justice requires this matter be remanded to the District Court with directions to issue a writ of mandamus to respondent, granting relator a jury trial.

REVERSED AND REMANDED WITH DIRECTIONS.