STATE, EX REL. EVAN R. GADDIS, APPELLANT, v. CHARLES
W. BRYAN, MAYOR, ET AL., APPELLEES.

FILED MAY 17, 1918.   No. 20367.

Mandamus: JUDICIAL DISCRETION: FIREMAN'S PENSION.   Section 2518,
Rev. St. 1913, contemplates the presentation of proof by an ap-
plicant for pension, a consideration thereof, and a decision there-
on by the governing body of the city as a condition precedent to
the right to a pension, and, in rendering its decision, such body
exercises a judicial discretion that will not be controlled by
mandamus.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Affirmed.*

*B. F. Good, W. G. Hastings* and *A. W. Richardson,*
for appellant.

*C. Petrus Peterson* and *Charles R. Wilke, contra.*

MORRISSEY, C. J.

Appeal from an order of the district court for Lan-
caster county denying a writ of mandamus. Relator
brought this action to compel respondents to place him
upon the pension list of the city of Lincoln under the
following provisions of section 2518, Rev. St. 1913:

"In case any fireman in a paid fire department in
any metropolitan city, or city of the first class, shall
become permanently and totally disabled from accident
or other cause, while in the line of his duty, such fire-
man shall forthwith be placed upon the roll of pensioned
firemen, at the rate as provided for retired firemen in
the second preceding section: Provided, * * * in
case of partial disability of a fireman received while
in the line of duty, he shall receive his salary during
the continuance of such disability for a period not to
exceed twelve months: Provided, further, if it shall
be ascertained by the board of fire and police commis-
sioners or other proper municipal authorities within
twelve months that such disability has become per-

State, ex rel. Gaddis, v. Bryan.

manent, then his salary shall cease, and he shall be entitled to the benefits of the provisions with reference to pensions referred to in this article.''

It was alleged that relator, a fireman in the employ of the city of Lincoln, had been permanently disabled by injuries received while placing some calks in the shoes of one of the horses of the department. Application had been made to the city commission for a pension, but that body, after a hearing, rejected the application on the ground that the evidence failed to show such a disability as the statute required. Action was thereupon brought in the district court for a writ of mandamus. That court denied the writ on the ground that mandamus would not lie to review the decision of the city commission.

The rule is well established that mandamus will lie against a public board to compel the performance of purely ministerial duties, but not to control the exercise of judicial functions. *State v. Churchill,* 37 Neb. 702. A duty is deemed to be of a judicial nature when it calls for the determination of a question of fact involving the examination of evidence and the passing on its probative force and effect. 18 R. C. L. 125; *Secretary v. McGarrahan,* 9 Wall. (U. S.) 298, 312.

The section of the statute under which this action is brought contemplates a hearing, the presentation of proof, and a decision based thereon by a board of city officials as a condition precedent to right of pension. The case is easily distinguishable from that of *State v. Love,* 89 Neb. 149, 95 Neb. 573.

The judgment is

AFFIRMED.

SEDGWICK, J., dissenting.

The majority opinion, in the syllabus, declares the law to be that the city council will be held to have exercised ''a judicial discretion'' whenever the law ''contemplated the presentation of proof,'' ''a consideration thereof, and a decision thereon.'' This radical change

in our law is of so much importance that it ought not to be announced without referring to our former decisions and furnishing the reasons for the change. Mandamus will not lie to control the "judicial discretion" of an administrative officer, or any other officer. The question in such cases generally is whether the officer has a "judicial discretion" to do or to refuse to do the act required. It has never before been decided by this court, or any other so far as my observation has gone, that in all cases where evidence of a fact is required, and must be considered and determined, the officer has a "judicial discretion" to refuse to act, as this syllabus and similar language in the opinion declares the law to be. This new departure will very much restrict the use of the writ of mandamus. Indeed, nearly all of the cases in which heretofore the writ has been allowed would be wrong under the law as now declared. In nearly every case there was some important fact that must be considered and determined upon which the right to the writ depended, and, if the controverted fact was so clearly proved that reasonable minds could not differ as to its existence, it was held that the respondent could not be held to have a "judicial discretion" as to such matters.

Whether the board of transportation had investigated charges against a railroad company, etc, was a question of fact that required proof and determination, but the respondent did not have a judicial discretion in determining that fact, and was compelled to act by mandamus. *State v. Fremont, E. & M. V. R. Co.*, 22 Neb. 313.

Whether an agricultural society had complied with the provisions of the law so as to entitle it to county funds was a question of fact which the supervisors must determine, but it did not involve judicial discretion, and they were compelled to act by mandamus. *State v. Robinson*, 35 Neb. 401, 17 L. R. A. 383.

The existence of a judgment is a question of fact, but the validity of a judgment against a county may

be determined on application for a mandamus to compel the county officers to pay the judgment. *Boasen v. State,* 47 Neb. 245.

Whether the dean of the faculty of the Lincoln Medical College had passed upon the standing of a student, and had certified that he was entitled to graduation, was a question of fact that the directors of the college had to determine, but involved no judicial discretion, and they were compelled to act by mandamus. The court said: "Evidence in this case examined, and found to be sufficient to sustain the action of the district court." *State v. Lincoln Medical College,* 81 Neb. 533, 17 L. R. A. 930.

The respondents were required by mandamus to place Haberlan on the pension list, because "(a) under the fact shown the service of the applicant was in a paid fire department of the city for more than 22 years; (b) that the evidence shows that the applicant elected to retire from active service; (c) that when he retired he was entitled to an honorable discharge"—three, at least, important questions of fact that had to be taken into consideration by the city council. *State v. Love,* 95 Neb. 573.

In these and innumerable similar cases, it has been held that an officer cannot defend against a mandamus by asserting that he exercised a "judicial discretion" in determining a fact, when the proof of that fact was clear and unequivocal.

This new departure in the law makes it unnecessary to determine the vital and important issues in this case. The trial court found: "The relator has failed to show by a preponderance of the evidence that the said injury, of which he complains in his petition, totally and permanently disabled him, and the court therefore finds against relator, and finds that the said injury did not totally and permanently disable the relator, within the meaning of the statute under which this action is brought." This seems to mean that, because the injury which he received was not the cause of his being dis-

State, ex rel. Gaddis, v. Bryan.

abled, he was not entitled to a pension. The statute says if he shall become "disabled from accident *or other cause*, while in the line of his duty, such fireman shall forthwith be placed upon the roll of pensioned firemen." The brief for the relator is very well written, and it contends that the words "or other cause" are not given any force in this construction of the statute. It contends that if a fireman, who has served for five years, as this one had, and is still serving as a fireman, is disabled for any cause, he is entitled to go upon the pension list. This is a very important matter. The evidence is without contradiction that he was so far disabled that he could not perform the duties of fireman, and that he was discharged for that reason by the respondents. Can they now say that he was not disabled within the meaning of the statute which is enacted with reference to the fire department and its members?

The relator contends that the remedy by appeal or petition in error would not be adequate. The appeal would be from the findings of the city council upon the facts in the case, and when upon that appeal the facts have been found definitely, still the remedy would be incomplete because the appellant would not thereby be placed upon the pension roll. This may not be conclusive because it may be that, under our practice upon such an appeal, the court would enter an order requiring the council to place him upon the pension roll; but it is not clear and certain that the court would have jurisdiction upon such an appeal to make such an order. At least, in order to hold that the remedy by appeal is adequate, we would have to decide that point.

I am not saying that the conclusion of the majority opinion is wrong. I am opposed to the change made in the law of mandamus, and, unless that change is made, we would be required to decide the important issues presented by this record.