STATE EX REL. HARRISON MCILVAIN, APPELLEE AND CROSS-APPELLANT, v. CITY OF FALLS CITY, A MUNICIPAL CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES.

131 N. W. 2d 93

Filed October 23, 1964. No. 35714.

Paul P. Chaney, for appellants.

Dwight Griffiths and Archibald J. Weaver, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ., and DIERKS, District Judge.

CARTER, J.

This is an action in mandamus brought by Harrison McIlvain, the relator, to compel the city of Falls City, the respondent, to place the former on the pension rolls of the city as a retired fireman. The trial court found for the relator and the city has appealed.

Relator was first employed by the city as a paid member thereof on October 1, 1928. The city is one of the first class. On May 6, 1959, relator became ill and was unable to report for work. The city paid sick leave and vacation pay thereafter to June 9, 1959, at his regular rate of pay of $235 per month. Relator filed his action for a writ of mandamus on June 6, 1963. The city contends that the claim for pension is barred by the 4-year

statute of limitations and that a writ of mandamus is not a remedy available to the relator.

The parties stipulated that relator had served as a paid fireman for more than 21 years. It is provided by section 35-201, R. R. S. 1943, that cities of the first class having a paid fire department, other than home rule charter cities, shall pension all firemen having 21 years of service who shall elect to retire from active service and go upon the retired list. The primary issue in this case is the date when the relator elected to retire.

It is the contention of the city that relator retired under this section of the statute on May 6, 1959, when he became ill and failed to report for work. Relator contends that his election to retire was June 9, 1959, after receipt of his sick leave and vacation pay. Relator was an employee during the time he was on sick leave and vacation. During that time he had the right to return to work. When he failed to return to work on June 9, 1959, the relation of employer and employee terminated and he became eligible for pension. The general statute of limitations, section 25-206, R. R. S. 1943, applies. In Barney v. City of Lincoln, 144 Neb. 537, 13 N. W. 2d 870, this court said: "We conclude therefore that, if a city within the scope of the pension statute here involved refuses or neglects to place an employee on the pension rolls after the event is alleged to have happened which brings him within the act, the statute of limitations commences to run against the employee and will constitute a complete bar at the end of four years." Since the act which brought relator within the act was his failure to report for work on June 9, 1959, he had 4 years from such date to commence his action against the city. The action having been brought on June 6, 1963, it was within the 4-year period and the statute of limitations is not a defense.

Under section 35-201, R. R. S. 1943, it is the duty of the city to place firemen on the pension roll "whenever such firemen shall have first served in such fire depart-

ment for the period of twenty-one years and shall elect to retire from active service and go upon the retired list." No duty is imposed upon the fireman to give notice or to make or establish his claim. The election of the employee to retire from active service occurs when he quits work, resigns, or in any way indicates a severance of the employer-employee relation. State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341; State ex rel. Haberlan v. Love, 95 Neb. 573, 145 N. W. 1010, Ann. Cas. 1915D 1078.

The city contends that mandamus is not a proper remedy. It is argued that the city is required to make a judicial determination of the amount of the pension in view of the language of section 35-201, R. R. S. 1943, that such pension shall be at least 50 percent of the amount of salary such retiring employee is receiving at the time he goes on the pension list, and in no case less than $50 per month. There is no evidence in the record that the city has provided for pensions in excess of these amounts. Under such a situation the city is required by statute to pay a pension of 50 percent of the fireman's salary, but not less than $50 per month. In such a case there is no judicial determination to be made as might be necessary in a pension case based on a fireman's disability incurred in line of duty. See State ex rel. Gaddis v. Bryan, 102 Neb. 506, 167 N. W. 783.

The correct rule is: "Where the duty is such as necessarily requires the examination of evidence and the decision of questions law and fact, such a duty is not ministerial; but an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act." 38 C. J., Mandamus, § 73, p. 598, approved in State ex rel. Herman v. City of Grand Island, *supra.* See, also, 55 C. J. S., Mandamus, § 63, p. 101.

In the case of State ex rel. Haberlan v. Love, *supra,*

the court held: "We are unable to see that the judgment of the district court is wrong. We find much in this case to sustain it. The judgment of the district court properly granted a peremptory writ of mandamus, but improperly awarded a money judgment."

In State ex rel. Herman v. City of Grand Island, *supra*, this court said: "Therefore, it has been the law of this state for more than 30 years that mandamus is a proper remedy to require a city of the first class having a paid fire department to place a fireman upon the retired list and pay him a pension after he has served 21 years and elects to retire from active service, as provided by section 2439, Comp. St. 1922, and we find no valid reason within the law for changing the rule at this time." The foregoing case properly distinguishes State ex rel. Gaddis v. Bryan, *supra*.

We conclude that mandamus is a proper remedy to require a city of the first class having a paid fire department to place a fireman upon the retired list after he has served 21 years and elects to retire from active service as provided by section 35-201, R. R. S. 1943.

The city asserts that relator is estopped to make claim for his pension rights. We find nothing in the record to sustain a finding that relator has estopped himself from pursuing his claim for a pension.

We think the trial court was in error in holding that relator's right to a pension became absolute on July 6, 1959, rather than June 9, 1959. We modify the judgment of the district court to this extent. The judgment is otherwise correct. We affirm the judgment as modified.

AFFIRMED AS MODIFIED.